Sedgwick, C. J.
The first exception argued by the learned counsel for the appellants was as to the exclusion of a question by defendants’ counsel: Do you remember the occasion when a conversation took place between the plaintiff and one of the defendants when Richmond terminal stock was about forty-five ?
The important issue in the case was whether the plaintiff had given, on November sixteenth, a discretionary order to the defendants to deal in the stock for the plaintiff as they saw fit.
The counsel for defendants declared that the question was asked to prove that there had been a previous line of discretion employment and agency. This sufficiently shows that the question was not aimed at an interview of November sixteenth. This is also shown by the price alluded to in the question, for on the sixteenth November the stock was not about forty-five.
The learned judge was correct in holding that further evidence, as to the orders given before the sixteenth November, would not tend to show that the order of sixteenth November was of the kind claimed by defendants.
The defendant Blanchard had testified to the previous orders and had claimed them to be of a kind different from that of the sixteenth November. The only discretion of those orders was to select a price about forty-five.
The next exception was to the exclusion by the court of a question asked of a witness not a party to the action.
Do you know whether he had acted upon your suggestion about the very stock or not i , The exclusion was correct.
The time pointed at by the question included transactions foreign to the issue. In the absence of testimony as to the nature of the suggestion the question did not appear to be relevant. If the question was asked and answered in conformity with the purpose of defendants the answer would have been “yes.” And this would have been only a source of confusion to the jury.
Blanchard, one of the defendants, was examined as a witness and recalled. Then he was asked, “At any one of the interviews that you had with Dr. Carradine, on and after the sixteenth day of November, did he say anything about canceling any discretionary order which he had given you, etc ? The object, as avowed on the appeal of the *297 question, was to show a tacit recognition of the discretionary order by his omission to speak of it. The answer would have involved only an inference or argument which the jury might have made as well, because the witness in his earlier examination had fully testified to the contents of all the interviews referred to in the question.
The next exception refers to the court ordering the defendant’s counsel to read a letter written by the agent of the defendants in the transaction, and which the defendants’ counsel had then called upon plaintiff’s counsel to produce, which had been then produced and perused by defendants’ counsel, but now offered in evidence.
Without considering the law on the subject in general, I am convinced that the particular circumstances show that the court’s action was correct.
In the next instance the defendants had taken advantage of what they pretended were the contents of the letter by examining the writer of it orally as to those contents. He testified as follows: On the fifteenth I sent a note to the plaintiff’s residence saying to him that the day before I had heard that Richmond terminal stock was to be put considerably higher by the pool manipulating it, and I advised him in the note to buy in his short stock, which he was short of and put it out higher.” On cross-examination the counsel for the plaintiff offered this letter in evidence. The defendants’ counsel objected on the ground that the contents of the letter were immaterial and irrelevant. The court sustained the objection.
Afterwards the plaintiff was examined as a witness. The defendant’s counsel on cross-examination drew out a conversation in which the witness had referred to the letter and that his attorney had it, and that in it the defendants’ agent had written that stocks were going up. The defendant’s counsel called for the letter and perused it, and against his objections was directed to read it as evidence upon plaintiff’s counsel demanding that he should be so directed.
The defendants’ counsel had twice given oral evidence of the contents, and he had learned the contents ,of the letter when he had objected to them as immaterial and irrelevant.
That objection, he in substance withdrew, when he called for the oral contents from the plaintiff as a witness. Therefore, when he demanded a production of the letter and took possession of it, he then placed himself upon the ground that the letter did contain material testimony, and, m fact, it did although not favorable to defendants. In my opinion he could not withdraw from the ground he had taken, and was properly directed to give the primary evi *298 deuce of what he had already given secondary evidence of. At all events the defendants should not be permitted now to say that competent testimony, as to their admissions contained in their own letter, was injurious to them as tending to prove what in reality were the facts of the case.
If the exceptions to the refusal of the court to allow the defendants to give, in testimony, a memorandum which they contended was a discretionary order, were valid .at the time, it cannot now be sustained on the case as made. For the contents of the memorandum do not appear. It cannot be affirmed that they described a discretionary order and the appellate court cannot say that the appellant was grieved.
The judgment and order appealed from should be affirmed, with costs.